UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUITY TRUST COMPANY, et al.,                    Case No.

              Plaintiffs,                        Honorable

v.

TIMOTHY JAMES KOPACKA, et al.,

              Defendants.

_____/

| | |
|---|---|
| Daniel J. Broxup (P72868) | Raymond W. Henney (P35860) |
| Kimberly M. Large (P70698) | Adam M. Wenner (P75309) |
| Mika Meyers PLC | Honigman Miller Schwartz and Cohn LLP |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| 900 Monroe Avenue, NW | 2290 First National Building |
| Grand Rapids, MI 49503 | 660 Woodward Avenue |
| (616) 632-8000 | Detroit, Michigan 48226 |
| dbroxup@mikameyers.com | (313) 465-7410 |
| klarge@mikameyers.com | rhenney@honigman.com |
| | awenner@honigman.com |

_____/

## **NOTICE OF REMOVAL**

Defendants Timothy J. Kopacka ("Kopacka"), United Mortgage Trust ("UMT"), United Development Funding II, LP ("UDF II") and United Development Funding III, LP ("UDF III") (collectively, "Defendants"), through its attorneys, Honigman Miller Schwartz and Cohn LLP, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby removes this case from the Circuit Court for

Macomb County, Michigan to the United States District Court for the Eastern District of Michigan.  In support of its Notice of Removal ("Notice"), Defendants state as follows:

### TIMELINESS OF REMOVAL

1.      On June 28, 2017 Plaintiffs filed a Complaint in the Circuit Court for Macomb County, Michigan, styled *Equity Trust Company, Custodian FBO Danny J. Wrubel IRA, Danny J. Wrubel, Teresa K. Wrubel, Marion Family Living Trust, by its Trustee, Josephine A. Marion, Marion Irrevocable Trust, by its Trustee Teresa K. Wrubel, Josephine A. Marion, by her next friend, Teresa K. Wrubel, Equity Trust Company, Custodian FBO Marilynn L. Peterson IRA, Marilynn L. Peterson Revocable Trust, by its Trustee, Marilynn L. Peterson, Marilynn L. Peterson, Travis Peterson, Ferrario Family Revocable Trust, by its Trustee, Julie A. Ferrario, Julie A. Ferrario, Julie Vipond, and Karen Fell v. Timothy James Kopacka, United Mortgage Trust, United Development Funding II, LP and United Development Funding III, LP,* Case No. 2017-002345-NZ (the "State Court Action").  A copy of the Summons and Complaint are attached as Exhibit A.  A copy of the docket indicating all pleadings filed to date in the State Court Action is attached as Exhibit B.

2.      On July 11, 2017, Defendants' waived formal service of the Summons and Complaint, triggering the statutory removal period under 28 U.S.C.

2

§ 1446(b)(1).  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 119 S. Ct. 1322, 1325 (1999) (holding that a "named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.")

3.     Removal is timely because it is made within thirty (30) days of Defendants' acceptance of service.  *See* 28 U.S.C. § 1446(b)(1); *Wallace v. Interpublic Grp. of Companies, Inc.*, No. 09-11510, 2009 WL 1856543, at *2 (E.D. Mich. June 29, 2009) ("even if Defendant had actual notice of the suit, the thirty-day time limit would not commence until the Defendant was formally served with the summons and complaint.")

## GROUNDS FOR FEDERAL QUESTION JURISDICTION

4.     Plaintiffs' Complaint contains seven claims:

      i. Count I- Fraud

      ii. Count II- Breach of Fiduciary Duty

      iii. Count III- Negligence

      iv. Count IV- Securities Fraud under Section 10(b) of the Securities and Exchange Act

      v. Count V (mislabeled Count VIII)- Aiding and Abetting Fraud and Breach of Fiduciary Duty

3

25043339.3

vi. Count VI (mislabeled Count VIII)- Civil RICO under 18 U.S.C. § 1962(c)

vii. Count VII (mislabeled Count IX)- Civil RICO Conspiracy under 18 U.S.C. § 1962(d)

5.     Each of the claims is premised on the same general assertion; namely, that "[t]hrough a series of intentional and material misrepresentations and omissions, . . . Kopacka defrauded each of the Plaintiffs into investing in one or more of UMT, UDF II, and UDF III, as well as other high risk, illiquid investments." Compl. ¶¶ 178, 199; *see also* ¶¶ 188, 194.

6.     The crux of the Complaint—and specifically Count IV—requires a determination of whether Plaintiffs violated Section 10(b) of the Securities and Exchange Act (the "Act"). This Court has exclusive jurisdiction over alleged violations of the Act. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1566, 194 L. Ed. 2d 671 (2016) ("Section 27 of the Securities Exchange Act of 1934 . . . grants federal district courts exclusive jurisdiction of all suits in equity and actions at law brought to enforce any liability or duty created by [the Exchange Act] or the rules or regulations thereunder.") (internal quotation marks omitted); 15 U.S.C. § 78a.

7.     Moreover, Plaintiffs have pled two federal claims under the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1962, *et seq*. *See Durant v. Servicemaster Co*., 109 F. App'x 27, 29 (6th Cir. 2004) (the plaintiffs "amended

4

their complaint to add a Racketeer Influenced and Corrupt Organizations Act ("RICO") claim, 18 U.S.C. § 1962(c), thereby creating federal question jurisdiction."); *Strickland v. Wells Fargo & Co*., No. 1:16-CV-00109, 2016 WL 6127838, at *1 (W.D. Mich. July 26, 2016) ("The complaint, as originally filed, contained a federal question regarding the RICO statute that gave [d]efendants the right to remove the case to this Court.")

8.     Because the Court will be required to interpret the meaning and application of Rule 10b-5 and 18 U.S.C. § 1962 *et seq*., questions arising under the laws of the United States, removal is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a).

9.     Furthermore, this Court has supplemental jurisdiction over Plaintiffs' state law claims (Counts I-III, and V) pursuant to 28 U.S.C. § 1367.  "A federal court has jurisdiction over an entire action, including state law claims, whenever the federal law and state law claims in the case 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 349, 108 S. Ct. 614, 618 (1988).

10.     Plaintiffs' state law claims—asserting, in essence, that Defendants (through negligence/fraud) misrepresented the UMT and UDF—are inseparable from the 10b-5 and RICO claims.  Where, as here, the state law claims are "so

5

related to claims in the action . . . that they form part of the same case or controversy," the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).  *See Griffin v. Jones*, 975 F. Supp. 2d 711, 723 (W.D. Ky. 2013) (exercising supplemental jurisdiction over the plaintiff's state law claims of breach of fiduciary duty, fraud, misappropriation, and unjust enrichment "because they [were] so related to the [10b-5] claim[] as to form the same case and controversy."); *In re Nat'l Century Fin. Enterprises, Inc., Inv. Litig*., 580 F. Supp. 2d 630, 644 (S.D. Ohio 2008) (exercising supplemental jurisdiction over the plaintiff's state law claims despite dismissing the underlying 10b-5 claim because returning the matter to state court "would defeat the goal of judicial economy . . . .")

11.    In sum, because this Court had original jurisdiction over this action based on 28 U.S.C. § 1331, removal is proper under 28 U.S.C. § 1441(a).

## VENUE

12.    The State Court Action was filed in the Circuit Court for Macomb County, Michigan, which is within the Eastern District of Michigan, Southern Division.  28 U.S.C. § 102(a)(2).  Venue is therefore proper in this District and Division.  28 U.S.C. § 1446(a).

25043339.3

## ALL OTHER PROCEDURAL REQUIREMENTS
## FOR REMOVAL HAVE BEEN SATISFIED

13.     As required by 28 U.S.C. § 1446(a), a copy of the Summons and Complaint, which constitute all process and pleadings received by Defendants in the State Court Action, is attached to this Notice as Exhibit A.

14.     Defendants have not appeared, filed any responsive pleading, or otherwise responded to Plaintiffs' Complaint in the State Court Action.

15.     Upon filing this Notice, Defendants will, pursuant to 28 U.S.C. § 1446(d), promptly file a copy of this Notice with the Clerk of the Macomb County Circuit Court and will promptly give written notice to Plaintiffs of the filing of this Notice.

16.     All Defendants concur in this removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

## CONCLUSION

17.     By this Notice, Defendants do not waive, and expressly reserve, any and all objections or defenses it may have to this action, including, without limitation, as to jurisdiction and venue.   Moreover, Defendants intend no admission of fact, law, or liability by this Notice, and expressly reserve all defenses, motions, and/or pleas.

25043339.3

18.    For all of the reasons set forth above, Defendants hereby remove this action from the Circuit Court for Macomb County, Michigan to this Court, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

Respectfully Submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP
*Attorneys for Defendants*


By:   /s/ Adam M. Wenner
      Raymond W. Henney (P35860)
      Adam M. Wenner (P75309)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
(313) 465-741

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2017, I served the foregoing papers via U.S.

Mail and email to all counsel of record.

HONIGMAN MILLER SCHWARTZ AND COHN LLP
*Attorneys for Defendants*


By:   /s/ Adam M. Wenner
        Raymond W. Henney (P35860)
        Adam M. Wenner (P75309)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
(313) 465-7410

25043339.3